IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-137 |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY JAIL ADMINISTRATION, SAL MADRID, JANIN DONATTE, and TARALYNA GONZALEZ, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                      April 29, 2022

The *pro se* plaintiff has applied for leave to proceed *in forma pauperis* in this action where he attempts to raise claims for Eighth Amendment violations against various defendants associated with a county jail. The plaintiff, who is a convicted and sentenced inmate, claims that one of the defendants sexually abused and sexually harassed him on three occasions. He also alleges that another of the defendants failed to protect him from this abuse and harassment after he told him about it. He further asserts that two of the other defendants, one of which is the warden of the jail, did not do anything with respect to grievances he filed.

After reviewing the *in forma pauperis* application and screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the court will allow the plaintiff to proceed on his claims based on one of the three incidents of sexual abuse and harassment and his failure-to-protect claim. The court will deny without prejudice his other claims for sexual abuse and sexual harassment, his claims against the jail's administration, and his claims against two supervisory defendants. The court will also dismiss with prejudice any claims based on violations of the jail's handbook.

The court will provide the plaintiff with the opportunity to fix the claims dismissed without prejudice by filing an amended complaint. Alternatively, the plaintiff may inform the court that he intends to proceed with only those claims that have passed statutory screening.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Osvaldo Pumba ("Pumba"), commenced this action by filing an application for leave to proceed *in forma pauperis* and a complaint that the clerk of court docketed on January 10, 2022. *See* Doc. Nos. 1, 2. On January 28, 2022, this court denied the *in forma pauperis* application without prejudice to Pumba refiling a new application along with a prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). *See* Jan. 28, 2022 Order at 2–3, 7, Doc. No. 4.[1] On February 2, 2022, the clerk of court docketed a number of documents submitted by Pumba, including (1) a motion for a speedy trial, (2) a motion "of one million dollars lawsuit," (3) a motion for extension of time, (4) a motion for leave to proceed *in forma pauperis*, and (5) a prisoner trust fund account statement. *See* Doc. Nos. 5–9. On February 7, 2022, the clerk of court docketed two additional documents submitted by Pumba: (1) another motion for leave to proceed *in forma pauperis* and (2) another prisoner trust fund account statement.[2] *See* Doc. Nos. 11, 12.

Regarding the complaint, Pumba names the following defendants: (1) the Lehigh County Jail Administration; (2) correctional officer Sal Madrid ("C.O. Madrid"); (3) Janine Donate,

---

[1] Pumba has also filed five other complaints in this court. *See Pumba v. Lehigh Cnty. Jail, et al.*, Civ. A. No. 21-5585, Doc. No. 2; *Pumba v. Madrid, et al.*, Civ. A. No. 21-5639, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-134, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-179, Doc. No. 2; *Pumba v. Maldonado, et al.*, Civ. A. No. 22-476, Doc. No. 3. This order also addressed Pumba's *in forma pauperis* applications in four of those cases.

The court also notes that in each of these other cases, Pumba asserts claims under 42 U.S.C. § 1983 against defendants associated with the Lehigh County Jail. This memorandum opinion only addresses the above-captioned matter.

[2] The court has considered Pumba's two *in forma pauperis* applications/motions collectively. They are collectively referred to as the "IFP Application."

Director of the Lehigh County Jail ("Director Donate");[3] (4) Sergeant Taralyna Gonzalez ("Sergeant Gonzalez"); and (5) Sergeant Victor Pachionni ("Sergeant Pachionni"). In the complaint, Pumba, a convicted and sentenced inmate, alleges facts about three incidents of alleged sexual misconduct by C.O. Madrid. *See id.* at ECF pp. 3–4; Doc. No. 2-1 at ECF pp. 1, 2.[4]

The first incident allegedly occurred on July 22, 2021, when C.O. Madrid put his hands inside Pumba's jumper, grabbed his penis and stated, "you got big black, I'd love to suck it." Compl. at ECF p. 3. A second incident allegedly occurred on June 30, 2021, when C.O. Madrid made "the same comments" while watching Pumba use the bathroom. *See id.* The third incident allegedly occurred on October 25, 2021, when C.O. Madrid "sexually harassed" Pumba while he was in the shower. *See id.*

Pumba also alleges that he notified Sergeant Pachionni of the July 22, 2021 and June 30, 2021 incidents. *See id.* at ECF p. 4. Upon hearing about these incidents, Sergeant Pachionni told Pumba that he would continue to get sexually harassed if he does not comply with prison officials' demands. *See id.* Sergeant Pachionni also allegedly told Pumba that C.O. Madrid's sexually explicit comments while grabbing Pumba's penis was "a normal thing." *Id.*

Pumba states that he informed Sergeant Gonzalez about the October 25, 2021 incident; however, she allegedly refused to make a report for him. *See id.* Pumba also avers that Director Donate was "notified" about the incidents, but "she [did] nothing" in response. *See id.* Finally, Pumba alleges that the defendants failed to follow the Lehigh County Jail handbook's "zero-tolerance policy" against sexual abuse and harassment. *See id.*

---

[3] Pumba misspelled Director Donate's name in the complaint. *See* Compl. at ECF p. 1. The court will use the correct spelling.
[4] Pumba attached copies of two grievances to his complaint. The clerk of court docketed those grievances as a separate exhibit. *See* Doc. No. 2-1.

Based on the aforementioned allegations, Pumba seeks relief for constitutional violations under 42 U.S.C. § 1983.[5] *See id.* at ECF pp. 1, 3. He seeks $1 million in damages. *See id.* at ECF p. 3.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this

---

[5] Although Pumba does not allege what constitutional provision he believes was violated, the court presumes he brings his claims under the Eighth Amendment, which is applicable here because Pumba is a convicted and sentenced inmate. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Pumba is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.[6]

### B.  Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915

Because the court has granted Pumba leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

---

[6] As Pumba is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

5

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe

his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### C. Analysis

Pumba is seeking relief in this case under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

### 1. Claims Against the Lehigh County Jail Administration

Pumba names the "Lehigh County Jail Administration" as a defendant. It is unfortunately unclear to the court who the Lehigh County Jail Administration is and why Pumba names it as a

7

defendant in this case. Pumba does not include any specific allegations in the complaint that would explain the personal involvement of this defendant in the events giving rise to his claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that, to be liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").

In addition, the absence of any specific allegations about the Lehigh County Jail Administration warrants dismissal of this defendant under Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires pleadings to contain "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("Under Rule 8(a)(2), a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))); *Travaline v. U.S. Supreme Ct.*, 424 F. App'x 78, 79 (3d Cir. 2011) (per curiam) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'" (quoting Fed. R. Civ. P. 8(a)(2), (3))). To determine whether a pleading satisfies Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The paramount consideration for the court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted). Since Pumba has failed to allege any facts about the Lehigh County Jail Administration's involvement in his alleged constitutional harm, he has failed to state plausible claims against it. Accordingly, the court will dismiss without prejudice Pumba's claims against the Lehigh County Jail Administration.

### 2. Sexual Abuse Claim Against C.O. Madrid

Pumba alleges that C.O. Madrid subjected him to three separate incidents of sexual abuse or harassment. Sexual abuse and harassment violate an inmate's rights under the Eighth Amendment, which prohibits cruel and unusual punishment. *See* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) ("Today, we join numerous sister Circuits in holding that prison sexual abuse can violate the Constitution." (citations omitted)). Claims for sexual abuse and harassment are evaluated similarly to excessive force claims in that the prisoner must allege facts plausibly establishing both objective and subjective components. *See id.* at 475 ("[W]e conclude that the test will turn on an analysis of a subjective and an objective component. That is, the incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind."). Regarding the subjective component, the court "consider[s] whether the official had a legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). Concerning the objective prong, the court considers whether the defendant's action is "repugnant to the conscience of mankind" or whether it is "sufficiently serious or severe." *Id.* at 475, 477 (citations omitted). Also, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Here, Pumba states a plausible cause of action under the Eighth Amendment for sexual abuse against C.O. Madrid in connection with the July 22, 2021 incident where C.O. Madrid grabbed Pumba's penis while stating "you've got big black, I'd like to suck it." Compl. at ECF p. 3. The facts Pumba alleges plausibly satisfy both the objective and subjective components of a

sexual abuse claim. Therefore, the court will permit Pumba to proceed on his sexual abuse claim against C.O. Madrid based on the July 22, 2021 incident.

As for Pumba's claims relating to the incidents on June 30, 2021 and October 25, 2021, he has failed to state plausible Eighth Amendment claims for sexual abuse or harassment. Pumba alleges that on June 30, 2021, C.O. Madrid made "the same comments"—presumably the explicit and offensive statements from the July 22, 2021 incident—while watching Pumba use the bathroom. *See id.* Pumba also alleges that on October 25, 2021, C.O. Madrid "sexually harassed" him while he was in shower. *See id.*

Pumba has failed to state a claim concerning these two incidents because an Eighth Amendment claim for sexual abuse or harassment requires a showing of physical contact with the alleged perpetrator. *See Ricks*, 891 F.3d at 471 ("Our society requires prisoners to give up their liberty, but that surrender does not encompass the basic right to be free from severe unwanted sexual *contact*." (emphasis added)); *Williams v. Wetzel*, 776 F. App'x 49, 53 (3d Cir. 2019) (per curiam) (affirming district court's dismissal of Eighth Amendment sexual conduct claim because prisoner's allegations did not involve any sexual contact between prisoner and corrections officer); *McCain v. Wetzel*, Civ. A. No. 17-194 Erie, 2018 WL 1211507, at *3 (W.D. Pa. Mar. 8, 2018) (stating that "sexual harassment in the absence of contact or touching does not establish an Eighth Amendment violation" (citation omitted)); *Washington v. Gilmore*, Civ. A. No. 15-1031, 2017 WL 4155371, at *8 (W.D. Pa. Aug. 31, 2017) (dismissing Eighth Amendment sexual assault claim where plaintiff did not allege any "direct physical contact" with alleged perpetrators). "Verbal harassment, including lewd comments, sexual propositioning, and the like, is not sufficient to satisfy the objective element of an Eighth Amendment sexual harassment claim." *McCain*, 2018 WL 1211507, at *3 (citation omitted).

10

Here, Pumba's allegations concerning the June 30, 2021 and October 25, 2021 incidents fail to state claims for sexual abuse that are plausible because he does not allege that C.O. Madrid had any direct physical contact with him. He merely alleges that C.O. Madrid made sexual comments and watched him while he was in the bathroom or shower. Without more, these facts are insufficient to meet the objective prong of an Eighth Amendment sexual abuse claim. *See Ricks*, 891 F.3d at 477 (nothing that "objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline"). Accordingly, the court will dismiss Pumba's claims against C.O. Madrid based on the June 30, 2021 and October 25, 2021 incidents.

### 3. Claims Against Sergeant Pachionni

The court understands Pumba to be alleging that Sergeant Pachionni violated Pumba's Eighth Amendment rights when he failed to protect Pumba from C.O. Madrid. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and must take reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (internal citation and quotation marks omitted). To state a plausible failure-to-protect claim under the Eighth Amendment, Pumba must allege that (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See Farmer*, 511 U.S. at 834; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *see also Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (per curiam) (stating elements for failure-to-protect claim). Regarding deliberate indifference, it is a subjective standard in that "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."

11

*Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). Thus, a plaintiff must show that the defendant was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. *See, e.g.*, *Farmer*, 511 U.S. at 837; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). It is insufficient that prison officials "should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

Pumba alleges that when he told Sergeant Pachionni about the incidents involving C.O. Madrid, Sergeant Pachionni did nothing to stop the abuse, told Pumba that C.O. Madrid's conduct was "normal," and warned Pumba that his failure to obey prison officials will only result in additional harassment. *See* Compl. at ECF p. 4. Accepting Pumba's allegations as true, as the court is obligated to do at this stage of the litigation, Pumba has stated a plausible Eighth Amendment claim against Sergeant Pachionni and will be permitted to proceed on this claim.

### 4. Claims Against Director Donate and Sergeant Gonzalez

Unfortunately, Pumba does not clearly state the basis for his claims against Director Donate and Sergeant Gonzalez in the complaint. He alleges merely that Sergeant Gonzalez refused to file a grievance report for him and that Director Donate "did nothing" after being notified of alleged sexual misconduct by C.O. Madrid.[7] To the extent Pumba's claims against these defendants are based on their high-level positions in the prison, the claims against Director Donate and Sergeant Gonzalez are implausible.

As already noted, individuals must have personal involvement in the unconstitutional conduct to be liable. *See Rode*, 845 F.2d at 1207. Pumba has failed to allege that Director Donate, Warden McFadden, or Deputy McFadden were personally involved in his alleged constitutional

---

[7] The court understands Pumba to be referring to Director Donate's November 2, 2021 response to his grievance, wherein she states that the "June 30th and July 22nd [incidents] are well beyond an appropriate time-line in which to review" and directs that Pumba "[b]e more specific in [his] allegation of Oct. 25th." Doc. No. 2-1 at ECF p. 2.

12

harm. Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (per curiam) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005))).

Pumba has also failed to allege a basis for supervisory liability against these defendants. If a plaintiff seeks to hold a supervisor liable for the unconstitutional acts by subordinates, there are two theories of supervisory liability: (1) "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm[;]" and (2) "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citation omitted).

Here, Pumba has not alleged that these defendants acted "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (alteration in original) (quoting *A.M.*, 372 F.3d at 586), *rev'd on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). He further has not alleged that the defendants "participated in violating [his] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced

13

in the subordinate's unconstitutional conduct." *Id.* Therefore, Pumba has failed to state a plausible claim for supervisory liability against Director Donate or Sergeant Gonzalez.

Additionally, to the extent that Pumba's claims against Director Donate and Sergeant Gonzalez are based on their alleged failure to respond adequately to grievances he filed, the claims are implausible. Any such claim based on the handling of prison grievances fails because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam) ("The District Court correctly noted that an inmate has no constitutional right to a grievance procedure." (citation omitted)); *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (per curiam) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, *see Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991), . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances."). Thus, a prison official's involvement in the grievance process alone, is not actionable under section 1983. *See Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (per curiam) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (per curiam) ("The District Court properly determined that Defendants [Superintendent] Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue].").

Moreover, Pumba cannot state a plausible claim against Sergeant Gonzalez based on allegations that she refused to file a grievance on his behalf. *See Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (affirming district court's conclusion that "alleged obstruction of prison

14

grievance procedures does not give rise to an independent claim" because "[p]risoners do not have a constitutional right to prison grievance procedures" (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001))). Accordingly, the court will dismiss Pumba's claims against Director Donate and Sergeant Gonzalez.

### 5. Claims Based on Lehigh County Jail Handbook

The court has interpreted the complaint as including claims against the defendants for alleged violations of the sexual harassment and sexual abuse policy in the Lehigh County Jail's handbook. *See* Compl. at ECF p. 4. Pumba may not base his claims on alleged violation of the Lehigh County Jail's handbook because a prison official's failure to abide by prison policy does not constitute an independent basis for a constitutional claim. *See Bowman v. Wetzel*, Civ. A. No. 2:20-cv-135, 2020 WL 3258946, at *6 (W.D. Pa. June 16, 2020) ("As many courts have held, corrections officials cannot be held liable for failing to conform to procedures outlined in inmate handbooks and other internal prison procedures."); *see also Laufgas v. Speziale*, Civ. A. No. 04-cv-1697 (PGS), 2006 WL 2528009, at *9 (D.N.J. Aug. 31, 2006) ("[A] prison's departure from the policies and procedures outlined in the facility's handbook does not, in and of itself, amount to a constitutional violation actionable under § 1983."). Therefore, to the extent Pumba has attempted to assert a section 1983 claim against the defendants based on violations of Lehigh County Jail's handbook, the court dismisses this claim with prejudice for the failure to state a claim.

### 6. Miscellaneous Motions

Pumba has also filed three other motions in this case: (1) a motion for extension of time; (2) a motion for speedy trial; and (3) a motion "of one million dollars lawsuit". *See* Doc. Nos. 6–8. The court addresses each motion in turn.

In the motion for an extension of time, Pumba indicates that due to the "corrupted" jail where he is detained, he is unable to review mail or "use the electronics [or] cellphone." Doc. No. 6 at ECF p. 2. While Pumba makes this claim, it is unclear why or for what purpose Pumba needs or requests an extension. To the extent that Pumba needs additional time to file pleadings with the court, he may submit a specific request at the appropriate time.

The court will also deny Pumba's motion for speedy trial. It is unclear whether Pumba is attempting to reference a pending criminal trial or the civil trial in this case. If he is seeking a speedy trial in this case, it is premature as it is unclear at this juncture whether this case will go to trial. If he is seeking a trial in a pending criminal matter, he may not seek that relief in a civil action under § 1983 because "[a] speedy trial claim necessarily seeks dismissal of the indictment and leads to immediate release from confinement, so it must be brought through a habeas petition after exhausting state remedies." *Garrett v. Murphy*, No. 21-2810, 2022 WL 313799, at *1 (3d Cir. Feb. 2, 2022) (per curiam) (citing cases).

Finally, as for Pumba's motion "of one million dollars lawsuit", the court also denies this motion. It appears that Pumba is attempting to make a preliminary request for relief, which is both premature and duplicative of the relief he seeks in his complaint.

## III.   CONCLUSION

For the foregoing reasons, the court will grant the IFP Application and will dismiss the following claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii): (1) Pumba's claims against the Lehigh County Jail Administrator; (2) Pumba's Eighth Amendment claims against C.O. Madrid based on incidents that allegedly took place on June 30, 2021 and October 25, 2021; and (3) Pumba's claims against Director Donate and Sergeant Gonzalez. The court will also dismiss with prejudice any claims based on violations of the Lehigh County Jail's handbook. The court

will further allow Pumba's sexual abuse claim against C.O. Madrid based on the July 22, 2021 incident and his failure-to-protect claim against Sergeant Pachionni to pass statutory screening, and these claims will be served for a responsive pleading.

In addition, because the court cannot say at this time that Pumba cannot cure the defects in the claims that have been dismissed without prejudice, the court will grant Pumba the option of filing an amended complaint to attempt to cure the defects in those claims or advise the court that he seeks to proceed only on the claims that have passed statutory screening.[8]

The court will enter a separate order.[9]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[8] A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

[9] This order will provide further instruction about Pumba's options for proceeding.